IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZANETTA SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO: ) CV-25 ) JURY DEMAND |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, | ) ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for legal and equitable relief to redress discrimination and retaliation against Plaintiff, Zanetta Scott. The suit is brought to secure the protection of and to redress the deprivations of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981a, which provide for relief against sex discrimination and retaliation in employment.

2. This is also an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through The Age Discrimination in Employment Act, 29 U.S.C.

1

§621 *et seq.* (hereinafter "ADEA") which provide for relief against discrimination and retaliation in employment on the basis of age discrimination.

3. Plaintiff seeks injunctive relief, equitable relief, compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. §1981a.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 28 U.S.C. §§2201 and 2202.

5. A substantial portion of the unlawful employment practices alleged hereinbelow were committed by the Defendant within Montgomery, Montgomery County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

6. Plaintiff has filed her sex and age discrimination and retaliation case within ninety (90) days of the receipt of her Dismissal and Notice of Rights from the EEOC.

7. Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. §1981a.

## III. PARTIES

8. Plaintiff, Zanetta Scott ("Scott" or "Plaintiff"), is a female citizen of the United States and a resident of the State of Alabama. At the time of her termination, Plaintiff was over 40 years old. At all times relevant to this lawsuit, Plaintiff was employed by Defendant at its Montgomery location in Montgomery, Montgomery County, Alabama.

9. Defendant, Hyundai Motor Manufacturing Alabama, LLC ("Hyundai" or "Defendant"), is an employer doing business in this district. At all times relevant to this action, Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 and 29 U.S.C. §621 *et seq.* Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

### IV. ADMINISTRATIVE EXHAUSTION

10. Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII and the ADEA.

11. On or about October 31, 2023, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunities Commission against Defendant (420-2024-00454).

12. Plaintiff subsequently received her Dismissal and Notice of Rights from the EEOC on or about December 2, 2024, and timely filed this complaint within ninety (90) days of the receipt of said Notice.

### V. STATEMENT OF FACTS AND CLAIMS

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above with the same force and effect as if fully set out in specific detail hereinbelow.

14. Plaintiff is a female who is over the age of forty (40).

15. Plaintiff began working at Hyundai on November 18, 2020, and was a Production Team Member in Trim I at the time of her termination.

16. In July 2023, the Production Team went back to work after the summer shutdown of the plant. Plaintiff was working on the line after they came back to work. Another employee, Renee Womack, came into her work area while she was having a conversation with another employee. Womack, at the time, was 27 years old. Plaintiff said something about her (Womack) being in plaintiff's work area and Womack became upset and started talking loudly to the plaintiff while she was on the line, even cursing at plaintiff.

17. The Team Leader Eric Coley, heard Womack and calmed her down. However, Womack became excited again and started to pull a stick on the plaintiff while she was working the back of a car. At this point, the plaintiff asked for the Group Leader, Zach Rone, to come down and he asked me if the plaintiff wanted to speak with a Team Leader about Womack's actions. Plaintiff declined to speak with Team Relations at that time.

18. Later on, before the plaintiff was pulled off line, Womack passed by again on her way to the bathroom. When Womack passed the plaintiff she said, "old bitch take that wig off of your scary ass." At that point, the plaintiff pulled the bell at her station and asked to speak with Team Relations. Plaintiff gave a statement to Team Relations and provided them with 3 witnesses to the incident(s) involving Womack, including the Team Leader, Eric Coley.

4

19. It took about 2 weeks for Team Relations to investigate and decide what to do with the plaintiff's complaint. During this time, Plaintiff went back to Team Relations to complain about Womack because she kept coming by the plaintiff's work station 2-3 times a day can calling her an "old scary bitch." Plaintiff told Kendra Powell, in Team Relations, that Womack kept calling her a "scary old bitch" on numerous occasions, being loud and pulling the tail gate down. Team Relations then received statements from the plaintiff's 3 witnesses.

20. Even after the plaintiff's complaints to her supervisor(s) and Team Relations, Womack kept harassing her by acting intimidating and calling the plaintiff a "scary old bitch." The plaintiff kept reporting her actions to the Group Leader and Team Leader, but nothing was done to put an end to the harassment.

21. On information and believe, Plaintiff believes that Team Relations eventually gave Womack a disciplinary action. Plaintiff also believes that Womack had previously been reported for harassment and had gotten into an altercation with another employee.

22. On August 23, 2023, Womack stated to Plaintiff "old bitch, if you come near me I'm going to bump your old ass." Plaintiff had tried to get with the Group Leader, Zach Rone, about this but was unable to do so. Womack kept doing the process and then they were together again. Womack bumped into the plaintiff and looked at her but said nothing. At this point, Womack had a drill in her hand and hit

the plaintiff in the head. Everyone around was trying to get Womack off of the plaintiff. The plaintiff fell and then Womack hit her twice before people got her off of the plaintiff. The plaintiff was the victim in this attack and never acted aggressively towards Womack.

23. The security guard took both the plaintiff and Womack to separate rooms and Kendra Powell from Team Relations came in to take a statement. The plaintiff told Ms. Powell that she had been to Team Relations twice about Womack's harassment, which Ms. Powell acknowledged. Once the plaintiff gave her statement, she was escorted off of the property and told that she was suspended for 2 weeks and would receive a letter or a phone call about her employment status.

24. On August 18, 2023, Plaintiff was informed that she was terminated.

### FIRST CAUSE OF ACTION: SEX & AGE HARASSMENT PURSUANT TO TITLE VII & THE ADEA

25. Plaintiff re-alleges and incorporates by reference paragraph 1-24 above with the same force and effect as if fully set out in specific detail hereinbelow.

26. Plaintiff brings this claim for sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991 and age discrimination pursuant to The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*.

27. Plaintiff is female who at the time of the harassment was over 40 years old.

28. Based on the totality of the facts presented above in paragraphs 13-24,

Plaintiff was subjected to a hostile work environment based upon her sex and age. Plaintiff was repeatedly and constantly verbally assaulted and harassed by a co-worker Renee Womack.  The harassment included, but is not limited to, Womack calling Plaintiff an "old bitch" and "scary old bitch" on multiple occasions.  It also includes Womack physically threatening Plaintiff, saying, "scary old bitch, if you come near me I'm going to bump your old ass."  Eventually, Womack physically attacked Plaintiff at work on the production floor.

29. Plaintiff complained to her management and to Team Relations about the sex and age-based harassment from Womack, but nothing was done to prevent the harassment from taking place.  Defendant had actual and constructive knowledge of the harassment but failed to take prompt and remedial action. The harassment continued after Plaintiff's complaints, including both verbal and physical assaults.

30. The harassment which Plaintiff was subjected to was unwelcome, based on sex, and was severe and pervasive so that it effected the terms and conditions of her employment.

31. Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

32. Plaintiff seeks to redress the wrongs alleged herein and this suit for compensatory damages, punitive damages, liquidated damages, nominal damages, and an injunctive and declaratory judgment is her only means of securing adequate

relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: RETALIATION PURSUANT TO THE ADEA & TITLE VII

33. Plaintiff re-alleges and incorporates by reference paragraphs 1-32 above with the same force and effect as if fully set out in specific detail hereinbelow.

34. Plaintiff engaged in protected activity by making numerous complaints to management and Team Relations regarding her sexually and age-based hostile work environment.

35. Plaintiff was then terminated because of her actions.

36. Defendant's actions, which happened within weeks of Plaintiff's complaints, were causally related to Plaintiff's protected activity.

37. Defendant's reason for terminating Plaintiff was pretext for retaliation.

38. As a result of this discriminatory treatment, Plaintiff suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

39. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

40. Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, liquidated damages, nominal damages and an injunctive and declaratory judgment is her only

means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 29 U.S.C. §621, *et seq*.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964, and 29 U.S.C. §621, *et seq*.

3. Grant Plaintiff an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement, back-pay, interest, punitive and compensatory damages, liquidated damages, and/or nominal damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees, and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES.

Respectfully submitted,

/s/ **_Kevin W. Jent_**
Kevin W. Jent
Counsel for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
     FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)
kjent@wigginschilds.com


**DEFENDANT'S ADDRESS TO BE SERVED
VIA CERTIFIED MAIL:**

Hyundai Motor Manufacturing Alabama, LLC
c/o Registered Agent
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104